# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **AERICA SIMS, as Administratrix of the Estate of JAYCEON SIMS, deceased; and ROBERT SIMS,** | )<br>)<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| vs. | ) Civil Action No. 5:23-cv-644-CLS |
| **POLARIS INC., *et al.*,** | )<br>)<br>) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

This memorandum addresses plaintiffs' motion to file the following documents under seal: (1) plaintiffs' brief in opposition to the Polaris defendants'[1] motion for summary judgment; (2) all evidentiary materials submitted by plaintiffs in opposition to that motion for summary judgment; and (3) plaintiffs' motion to strike the declaration of Jack Angela. Doc. no. 73. This opinion also addresses (4) the motion of the Polaris defendants to place document number 59-8 under seal. Doc. no. 79.

## I. BACKGROUND

This court previously entered an order (*see* doc. no. 74) that denied plaintiffs' motion to seal the following documents:

- Plaintiffs' Exhibits 1 through 6, because they appeared to be public

---

[1] Defendants Polaris, Inc., Polaris Industries, Inc., and Polaris Sales, Inc., are collectively referred to in this pleading as "the Polaris defendants."

documents;[2]

- Plaintiffs' Exhibit 7 (the deposition transcript of Polaris' corporate representative, Jack Angela), because both redacted and complete copies of that transcript had been filed by the Polaris defendants;

- Plaintiffs' Exhibits 11 ("January 13, 2021 Polaris Sales, Inc. Invoice of Missing Vehicles") and 13, ("Polaris' Off-Road VIN Search Tool results for all January 14, 2021 Polaris Sales, Inc. Invoice of Missing Vehicles") *to the extent that they already were contained in the record*;[3] and,

- In summary, this court previously ruled that plaintiffs' motion to seal was "DENIED with respect to Plaintiffs' Exhibits 1 through 7. Further the motion is DENIED to the extent that Plaintiffs' Exhibits 11 and 13 already are contained in the record."

Further, because the remaining exhibits identified in plaintiffs' motion appeared to implicate a proprietary or privacy interest of the Polaris defendants, rather than of plaintiffs, those defendants were directed to advise the court of their position on the issue of sealing; and, if they believed that sealing was warranted, to provide justification, as required by *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

Finally, plaintiffs were directed to submit argument justifying why their brief and motion to strike should be sealed, rather than redacted.

---

[2] Summary descriptions of Plaintiffs' Exhibits 1 through 6 are found in document number 73 (Plaintiffs' Motion to Seal), at 2; and, doc. no. 74 (Court's initial Order on Plaintiffs' Motion to Seal), at 2 & n.1.

[3] Doc. no. 74 (Court's initial Order on Plaintiffs' Motion to Seal), at 2 & n.3 (reciting that Plaintiffs' Exhibits 11 and 13 "may already be contained in the record under seal [referencing doc. nos. 68-3 & 68-5], but the court cannot be certain from their descriptions"; and plaintiffs were directed to clarify the issue as to those exhibits.

The court has reviewed the following submissions: *i.e.*, doc. no. 76 (Plaintiffs' clarification of their motion to file certain documents under seal); doc. no. 77 (Polaris defendants' response to the court's Order); and, doc. no. 78 (Polaris defendants' response to the plaintiffs' clarification of their motion to seal).

As an initial matter, the court's previous order denying plaintiffs' motion to seal Exhibits 7 (deposition transcript of Jack Angela) and 11 (Scrap/Lost/Stolen Off-Road Vehicles, dated January 14, 2021) is revised as follows: plaintiffs are directed to *not file* either of those exhibits, because each already has been filed under seal by the Polaris defendants in support of their motion for summary judgment. *See* doc. nos. 68-1 and 68-3.

Additionally, the Polaris defendants state that sealing the following exhibits is not warranted, because each appears to be a PDF of "publicly available articles located in the 'Help Center' portion of the Polaris [company] website."[4]

- Plaintiffs' Exhibit 12 ("Polaris Help Center Bulletin – Stolen Vehicles");

- Plaintiffs' Exhibit 14 ("Polaris Help Center Bulletin – Off Road VIN Search Tool"); and,

- Plaintiffs' Exhibit 15 ("Polaris Help Center Bulletin – Warranty Basics for Polaris Rangers").

Accordingly, the court's previous order denying plaintiffs' motion to seal those

---

[4] Doc. no. 77 (Polaris defendants' response to court Order, doc. no. 74), at 7.

exhibits is affirmed, and will not be changed.

On the other hand, the Polaris defendants argue that the following exhibits *should be* sealed:

- Plaintiffs' Exhibit 9 ("Polaris' Security Penetration Test conducted on July 25, 2021"); and,

- Plaintiffs' Exhibit 10 ("Huntsville Polaris Security Brief & Overwatch Shift Change Orientation Power Point Presentation").

The Polaris defendants ask the court to revisit the order denying plaintiffs' motion to seal Plaintiffs' Exhibit 2 ("Polaris Safety Recall" released on Dec. 17, 2021 "Version: R02 (Jan. 19, 2022) Stop Ride / Stop Sale").

The Polaris defendants also propose redactions to the following exhibits:

- Plaintiffs' Exhibit 8 (Transcript of the deposition of Brian Vick);

- Plaintiffs' Exhibit 13 ("Polaris' Off-Road VIN Search Tool results for all January 14, 2021 Polaris Sales, Inc. Invoice of Missing Vehicles"); and,

- Plaintiffs' Exhibit 16 ("Polaris' Off-Road VIN Search Tool results for all Huntsville Polaris Security Brief & Overwatch Shift Change Orientation Vehicle Theft Report Vehicles").

Finally, the Polaris defendants propose that plaintiffs provide defense counsel with advance copies of the briefs they propose to file: (a) in opposition to the Polaris defendants' motion for summary judgment; and (b) in support of plaintiffs' motion to strike the declaration of Jack Angela, in order to allow counsel for the Polaris defendants to propose redactions consistent with the court's ruling on the sealing

issues prior to plaintiffs' submission of those documents to the court.

## II.  LEGAL FRAMEWORK

Another judicial officer within the Eleventh Circuit summarized the principles relevant to determining when sealing a document is warranted as follows:

> "'The operations of the courts and the judicial conduct of judges are matters of utmost public concern,' and the integrity of the judiciary is maintained by the public's right of access to court proceedings." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (citing *Landmark Communications, Inc. v. Virginia*, 435 U.S. 829, 839, 98 S. Ct. 1535, 56 L.Ed.2d 1 (1978)).  This right "includes the right to inspect and copy public records and documents."  *Chicago Tribune* [*v. Bridgestone/Firestone, Inc.*], 263 F.3d [1304,] 1311 [(11th Cir. 2001)]. Where, as here, the parties are litigating "pretrial motions of a nondiscovery nature, there is a presumptive right of public access" to the motions and all papers filed in support or opposition of the motions. *Romero*, 480 F.3d at 1246 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993)).

*Teledyne Instruments, Inc. v. Cairns*, 2013 WL 5874584, at *1 (M.D. Fla. Oct. 31, 2013) (alterations supplied).

The common law right of access may be overcome, however, by a showing of good cause for sealing a document. *Romero*, 480 F.3d at 1245.  When determining whether good cause has been shown, the court must balance the right of access against the party's interest in keeping the information confidential. *Id.*

> [C]ourts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information,

>whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* at 1246 (alteration supplied).

### III.  DISCUSSION

Plaintiffs' Exhibit 9 (*i.e.*, a copy of the "Polaris' Security Penetration Test" conducted at a Polaris manufacturing facility on July 25, 2021) is described by the Polaris defendants as a "non-public security penetration test conducted at [Polaris Industries'] Manufacturing Facility, which was intended to provide an internal risk assessment for [Polaris Industries] and analysis of any potential security vulnerabilities at the [Polaris Industries] Manufacturing Facility."[5]  The Polaris defendants argue that this document should be sealed, because its disclosure implicates the company's security concerns, thereby potentially posing a threat that an individual could evade security measures at the manufacturing facility.  They also argue that no legitimate public concern is implicated.  The court agrees, and finds that good cause has been shown to place Plaintiffs' Exhibit 9 under seal.  Therefore, plaintiffs' motion will be granted with respect to Exhibit 9.

Those same considerations apply to Plaintiffs' Exhibit 10 ("Huntsville Polaris Security Brief & Overwatch Shift Change Orientation Power Point Presentation"), which is "an internal presentation the Polaris Defendants created for the orientation

---

[5] Doc. no. 77 (Polaris defendants' response to Court Order, doc. no. 74), at 5 (alterations supplied).

and instruction of the third-party security firm, Overwatch, that [Polaris Industries] employed to assist with and perform security functions at the [Polaris Industries] Manufacturing Facility."[6]  Accordingly, the court finds that good cause has been shown to place Plaintiffs' Exhibit 10 under seal, and plaintiffs' motion also will be granted with respect to that exhibit.

According to the parties, Plaintiffs' Exhibit 16 ("Polaris' Off-Road VIN Search Tool results for all Huntsville Polaris Security Brief & Overwatch Shift Change Orientation Vehicle Theft Report Vehicles") contains a page (numbered "POLARIS_0001632") that also is contained in Exhibit 10, which the court determined should be sealed.  Therefore, plaintiffs are directed to submit an unredacted version of Exhibit 16 under seal, for review by the court and opposing counsel, and to file on the public docket a copy of the document with a slipsheet in the place of the page designated as "POLARIS_0001632."

As for Plaintiffs' Exhibit 2 (December 17, 2021 Safety Recall Communication to Dealers), the court initially denied plaintiffs' motion to seal that exhibit. *See* doc. no. 74, at 2.  However, the Polaris defendants explain in their submission that the safety recall communication was *only* disseminated to authorized dealers and distributers of Polaris vehicles, and *not* to the general public.  The Polaris defendants

---

[6] *Id.* at 6 (alterations supplied).

7

state that Exhibit 2 contains proprietary information relating to modification of component parts, and the manner by which the Polaris defendants address recalls. They argue that "[t]he disclosure of [Plaintiffs' Exhibit 2] could allow competitors to streamline their own recall processes and may also allow competitors to utilize fixes for certain problems that the Polaris Defendants have previously identified or implemented."[7]  Those conclusory statements, standing alone, do not provide good cause to seal the exhibit.  The Polaris defendants have not explained precisely the nature of their alleged proprietary information, or why measures other than sealing will not sufficiently protect it.  Moreover, safety recall notices implicate matters of public concern.  Because the commercially sensitive nature of the information is the only basis the Polaris defendants provide for sealing the exhibit, the court concludes that good cause has not been shown to seal Plaintiffs' Exhibit 2, and the court's previous ruling on that exhibit will stand.

Plaintiffs' Exhibit 8 is a transcript of the deposition of Brian Vick, who was the Polaris defendants' former Manager for Environmental, Health, Safety, and Security. The Polaris defendants represent that some of Vick's testimony concerned the security features, practices, and procedures at Polaris Industries' manufacturing facility, as well as contemplated changes to the security features, and proposals to secure the

---

[7] *Id.* at 9 (alteration supplied).

8

site.[8] The Polaris defendants represent that they have provided proposed transcript redactions to plaintiffs. They request that plaintiffs file *both* a public version of Exhibit 8 (which includes the requested redactions), *as well as* an unredacted copy under seal for review by the court and opposing counsel. For the reasons described above with respect to Plaintiffs' Exhibits 9 and 10, the court agrees that the proposed approach is reasonable, and plaintiffs are directed to submit Plaintiffs' Exhibit 8 in the manner requested by the Polaris defendants.

### IV. THE POLARIS DEFENDANTS' MOTION

As stated above, a version of Plaintiffs' Exhibit 11 — the January 14, 2021 Invoice of Missing Vehicles compiled by Polaris Sales, Inc. — was filed *under seal* by the Polaris defendants in support of their motion for summary judgment. However, one page of that document (numbered "POLARIS_000014-16") was inadvertently included in a separate exhibit filed by defendants (doc. no. 59-8), but *not filed under seal*. The Polaris defendants ask the court to place document 59-8 under seal, and to substitute a corrected, redacted exhibit as the public version. Doc. no. 79. Upon consideration, the motion will be granted.

The parties state that the same page appears throughout Plaintiffs' Exhibit 13 (Polaris's Off-Road VIN Search Tool results for all January 13, 2021 Polaris Sales,

---

[8] *Id.* at 3-4.

Inc. Invoice of Missing Vehicles). The court concludes that plaintiffs should file *both* a public version of Exhibit 13 (which includes a blank slipsheet in the place of the sealed page), *as well as* an unredacted copy under seal, for reveiw by the court and opposing counsel.

### V.  PLAINTIFFS' MEMORANDUM OF LAW AND MOTION TO STRIKE

Finally, the Polaris defendants propose that plaintiffs provide advance copies of their memorandum of law in opposition to defendants' motion for summary judgment, and, the motion to strike the declaration of Jack Angela, in order to allow counsel for the Polaris defendants an opportunity to propose redactions. The Polaris defendants request that they be allowed three business days to propose any redactions. The court will adopt defendants' proposal to the following extent:

- Plaintiffs shall provide to the Polaris defendants, no later than 4:30 p.m. on Friday, December 12, 2025, copies of: (*i*) their brief in opposition to defendants' motion for summary judgment; and (*ii*) plaintiffs' memorandum of law in support of plaintiffs' motion to strike the declaration of Jack Angela.

- The Polaris defendants shall provide their proposed redactions (*if any*) to plaintiffs' documents no later than 4:30 p.m. on Tuesday, December 16, 2025.

- If plaintiffs have no objections to the redactions proposed by defendants, they are directed to file, no later than 4:30 p.m. on Thursday, December 18, 2025, (*i*) unredacted copies of their brief and memorandum of law *under seal*, for review by the court and counsel, and (*ii*) redacted copies for the public docket. Plaintiffs are directed to file their evidentiary submission in the manner set out in the accompanying order, by the same date and time.

- However, if plaintiffs object to any of the redactions proposed by defendants, they should notify the court of the objections by the same date and time specified in the paragraph immediately above, and their reasons therefor.

- Separate orders will be entered establishing deadlines for the Polaris defendants' reply to plaintiffs' brief in opposition to defendants' motion for summary judgment, and, defendants' response to the memorandum of law submitted by plaintiffs in support of their motion to strike the declaration of Jack Angela.

## VI. CONCLUSION

For the foregoing reasons, the remaining aspects of plaintiffs' motion for leave to file under seal their exhibits, memorandum of law, and motion to strike the declaration of Jack Angela will be granted in part, and denied in part. The motion of the Polaris defendants to seal document number 59-8 will be granted. A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** this 3rd day of December, 2025.

_____
Senior United States District Judge